UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

MARK ANDERSON, individually and on
behalf of all those similarly situated,

COLLECTIVE ACTION

Plaintiff,

vs.

PRIMO MANAGEMENT GROUP, INC.
ISRAEL SANCHEZ, JR., and
SEAN CHESSER

Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT

COMES NOW the Plaintiff, MARK ANDERSON ("Mr. Anderson") on behalf of himself and all other similarly situated employees, and files this cause of action, by and through undersigned counsel, against Defendants, PRIMO MANAGEMENT GROUP, INC. ("PMG"), ISRAEL SANCHEZ, JR. ("Mr. Sanchez"), and SEAN CHESSER ("Mr. Chesser"), and states as follows:

### I.    INTRODUCTION

1.    The Federal Fair Labor Standards Act (the "Act") was designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. § 202(a).

1

2.      To achieve its goals, the Act sets minimum pay standards for employees and employers.

3.      Importantly, the Act also prevents "[t]he exploitation of a class of workers who are in an unequal position with respect to bargaining power[]." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J). "[T]he denial of a living wage is not only detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *Id*.

4.      PMG utilized its unequal bargaining power to render Mr. Anderson and similarly situated employees defenseless against the denial of a living wage, something they are entitled to receive and which is protected by the Act.

5.      Mr. Anderson brings this cause of action as a representative action pursuant to 29 U.S.C. § 216(b) (authorizing representative actions under the Act) on behalf of himself and other similarly situated employees.

6.      As a Class Representative, Mr. Anderson seeks to represent similarly situated employees who were deprived lawful minimum wages pursuant to 29 U.S.C. §206 and lawful overtime wages pursuant to 29 U.S.C. §207.

## II.      JURISDICTION AND VENUE

7.      This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331.

8.      Venue is proper in this Court under 28 U.S.C. § 1391(b).

2

### III.    THE PARTIES

9.      PMG is a company engaged in the timeshare cancellation industry.

10.      PMG operates an office and call center at 7200 Lake Ellenor Drive, Orlando, FL 32809.

11.      Mr. Sean Chesser is an owner and manager of PMG.

12.      Mr. Israel Sanchez, Jr. is an owner and officer of PMG.

13.      Mr. Anderson is an "employee" within the meaning of the Act.

14.      From approximately January 2018 to August 2018, Mr. Anderson worked for PMG inside its call center making and receiving calls from PMG prospective clients.

15.      At all times relevant to his employment, Mr. Anderson regularly used the instrumentalities and channels of interstate commerce while performing his work.

16.      PMG is an "employer" as defined by the Act.

17.      PMG has employees subject to the provisions of the Act in the facilities where Mr. Anderson performed work.

18.      PMG employed two or more persons, including Mr. Anderson, "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

19.      At all times relevant to the violation of the Act, PMG was an enterprise engaged in commerce or in the production of goods for commerce.

20.     Mr. Anderson avers that at all times relevant, PMG was an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

21.     Mr. Anderson retained LaBar & Adams, P.A. and agreed to pay said firm a reasonable attorney's fee and costs for its services.

### IV.     FACTUAL ALLEGATIONS

22.     Mr. Anderson and similarly situated employees worked at PMG's call center and office located in Orlando, Florida.

23.     Mr. Anderson and similarly situated employees were PMG's call center phone representatives and were commonly referred to as "consumer advocates" within the organization.

24.     "Consumer advocate" job duties included, but were not limited to, working inside PMG's call center answering telephone calls, making telephone calls, providing prospective clients with information on PMG's services, email correspondence, follow up discussions with prospective clients and finalizing the services in which the client decides to utilize.

25.     PMG classified Mr. Anderson and similarly situated employees as independent contractors.

26.     In actuality, Mr. Anderson and similarly situated employees were employees of PMG within the meaning of the Act.

27.     PMG failed to make a good faith effort to determine if Mr. Anderson and similarly situated employees were correctly classified as independent contractors.

4

28.     PMG willfully misclassified Mr. Anderson and similarly situated employees as independent contractors.

29.     PMG also failed to make a good faith effort to determine if Mr. Anderson and similarly situated employees were lawfully compensated.

30.     Throughout the period of employment with PMG, Mr. Anderson and similarly situated employees worked numerous workweeks where the minimum wage required by the Act was not received for each hour worked.

31.     Throughout the period of employment with PMG, Mr. Anderson and similarly situated employees worked more than forty hours in numerous workweeks but never received time-and-a-half for each overtime hour worked.

32.     Mr. Anderson and similarly situated employees worked numerous weeks in which they were not paid lawfully because they were misclassified as independent contractors.

33.     PMG knew that Mr. Anderson and similarly situated employees were regularly working more than forty hours in a workweek but not receiving overtime remuneration.

34.     PMG knew that Mr. Anderson and similarly situated employees were working during the workweek without receiving the minimum wage for all hours worked.

35.     PMG failed to maintain and keep accurate time records as required by the Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al*.

36.     PMG also failed to post the required notice pursuant to the Act.

37.     PMG's unlawful compensation practices are in willful disregard of the rights of Mr. Anderson and other similarly situated employees.

## V.     COLLECTIVE ACTION ALLEGATIONS

38.     Mr. Anderson brings this action on behalf of himself and all similarly situated employees.

39.     While working for PMG, Mr. Anderson and similarly situated employees, were subject to PMG's same common plan or scheme of misclassifying employees as independent contractors.

40.      While working for PMG, Mr. Anderson and similarly situated employees, were subject to PMG's same common plan or scheme of denying proper compensation to its employees.

41.     Mr. Anderson and similarly situated employees who were employed as "consumer advocates" worked more than forty hours in a work week without receiving proper overtime compensation.

42.     During some weeks, PMG allowed the minimum hourly wage compensation of Mr. Anderson and similarly situated employees who were employed as "consumer advocates" to fall below the lawful minimum wage set by the Act.

43.     This cause of action is suitable for class certification under 29 U.S.C. § 216(b).

44.     Mr. Anderson will request the Court grant conditional class certification to bring the class' claims under the Act as a collective action.

6

45.    As Class Representative, Mr. Anderson will seek certification of two classes of employees consisting of: (1) those who were denied minimum wage ("Minimum Wage Class"); and (2) those who were denied overtime wages ("Overtime Wage Class").

46.    The Minimum Wage Class should include all PMG employees during the preceding three years:

    a)    who were misclassified as independent contractors;

    b)    who performed "consumer advocate" job duties;

    c)    at the Orlando office and call center; and

    d)    who performed work within a workweek without receiving the minimum wage for every hour worked.

47.    The Overtime Wage Class should include all PMG employees during the preceding three years:

    a)    who were misclassified as independent contractors;

    b)    who performed "consumer advocate" job duties;

    c)    at the Orlando office and call center; and

    d)    who worked more than forty hours in a work week without receiving proper overtime compensation.

## COUNT I
## MINIMUM WAGE VIOLATIONS

48.    Allegations in paragraphs 1-46 above are re-alleged and incorporated herein to Count I.

49.    Throughout the employment of the Class Representative, Mr. Anderson, and all other similarly situated employees, the Defendant, PMG, repeatedly and willfully

7

violated Sections 6 and 15 of the Act by failing to compensate the Class Representative and all other similarly situated employees, at the minimum hourly rate set by the Act for each hour worked.

50.     The Class Representative, Mr. Anderson, and other similarly-situated "consumer advocates" worked numerous weeks throughout their employment where they were not compensated at a rate of pay equal to the minimum wage PMG was required by law to pay.

51.     PMG failed to maintain and keep accurate time records relating to all hours worked as required by the Act.

52.     PMG failed to post the required notice pursuant to the Act.

WHEREFORE, Class Representative, Mr. Anderson, on behalf of himself and similarly situated employees, demands judgment against PMG for the following:

a) Unpaid minimum wages found to be due and owing;

b) An additional equal amount equal to the unpaid minimum wages found to be due and owing as liquidated damages;

c) Prejudgment interest;

d) Reasonable attorney's fee and costs; and,

e) Such other relief as the Court deems just and equitable.

**JURY TRIAL DEMAND**

Class Representative, Mr. Anderson, on behalf of himself and similarly situated employees, demands a jury trial on all issues contained in Count I.

8

## COUNT II
## OVERTIME VIOLATIONS

53.    Allegations in paragraphs 1-45 and 47 above are re-alleged and incorporated herein to Count II.

54.    Throughout the employment of the Class Representative, Mr. Anderson, and all other similarly situated employees, the Defendant, PMG, repeatedly and willfully violated sections 7 and 15 of the Act by failing to compensate the Class Representative and all other similarly situated employees, at a rate not less than one and one-half times the regular rate of pay at which they were employed for workweeks longer than forty (40) hours.

55.    Class Representative, Mr. Anderson, and all other similarly-situated "consumer advocates" worked numerous weeks throughout their employment in excess of forty (40) hours a week, yet were not compensated for all hours worked in excess of forty (40) hours at a rate not less than one and one-half times the regular rate of pay at which they were employed.

56.    PMG failed to maintain and keep accurate time records as required by the Act.

57.    PMG failed to post the required notice pursuant to the Act.

WHEREFORE, Class Representative, Mr. Anderson on behalf of himself and similarly situated employees, demands judgment against PMG for the following:

a)  Unpaid overtime wages found to be due and owing;

b)  An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

9

c)  Prejudgment interest;

d)  Reasonable attorney's fee and costs; and,

e)  Such other relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

Class Representative, Mr. Anderson, on behalf of himself and similarly situated employees, demands a jury trial on all issues contained in Count II.

### COUNT III
### INDIVIDUAL LIABILITY OF SEAN CHESSER

58.     Allegations in paragraphs 1-57 above are re-alleged and incorporated herein to Count III.

59.     Mr. Sean Chesser is an owner and manager of PMG who:

    a.      is involved in the day-to-day operation of PMG;

    b.      guides the company policies of PMG;

    c.      actively engages in the management, supervision, and oversight of PMG;

    d.      controls the financial affairs of PMG;

    e.      can authorize PMG's compliance with the Act; and

    f.      acts directly or indirectly in the interest of PMG in relation to its employees and is substantially in control of the terms and conditions of the employees' work.

60.     Mr. Chesser is a statutory employer under 29 U.S.C. Section 203(d).

61.     As an employer, Mr. Chesser is individually liable under the Act for the actions alleged herein.

WHEREFORE, Class Representative, Mr. Anderson, on behalf of himself and similarly situated employees, demands judgment against SEAN CHESSER for the following:

      a) Unpaid overtime wages and minimum wages found to be due and owing;

      b) An additional equal amount equal to the unpaid overtime wages and minimum wages found to be due and owing as liquidated damages;

      c) Prejudgment interest;

      d) A reasonable attorney's fee and costs; and,

      e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Class Representative, Mr. Anderson, on behalf of himself and similarly situated employees, demands a jury trial on all issues contained in Count III.

## COUNT IV
## INDIVIDUAL LIABILITY OF ISRAEL SANCHEZ, JR.

62. Allegations in paragraphs 1-57 above are re-alleged and incorporated herein to Count IV.

63. Mr. Sanchez is an owner and officer of PMG who:

      a. is involved in the day-to-day operation of PMG;

      b. guides the company policies of PMG;

      c. actively engages in the management, supervision, and oversight of PMG;

      d. controls the financial affairs of PMG;

      e. can authorize PMG's compliance with the Act; and

11

       f.     acts directly or indirectly in the interest of PMG in relation to its employees and is substantially in control of the terms and conditions of the employees' work.

64.    Mr. Sanchez is a statutory employer under 29 U.S.C. Section 203(d).

65.    As an employer, Mr. Sanchez is individually liable under the Act for the actions alleged herein.

WHEREFORE, Class Representative, Mr. Anderson, on behalf of himself and similarly situated employees, demands judgment against ISRAEL SANCHEZ, JR for the following:

    a)  Unpaid overtime wages and minimum wages found to be due and owing;

    b)  An additional equal amount equal to the unpaid overtime wages and minimum wages found to be due and owing as liquidated damages;

    c)  Prejudgment interest;

    d)  A reasonable attorney's fee and costs; and,

    e)  Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Class Representative, Mr. Anderson, on behalf of himself and similarly situated employees, demands a jury trial on all issues contained in Count IV.

Respectfully submitted,

Dated:  January 29, 2019                    */s/ N. Ryan LaBar, Esq.*
                                            N. RYAN LABAR, ESQ.
                                            Florida Bar No.: 0010535
                                            Email: rlabar@labaradams.com
                                            SCOTT C. ADAMS, ESQ.
                                            Florida Bar No.: 0573442
                                            Email: sadams@labaradams.com
                                            LABAR & ADAMS, P.A.
                                            2300 East Concord Street
                                            Orlando, Florida 32803
                                            (407) 835-8968 (phone)
                                            (407) 835-8969 (facsimile)